IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

AMOS BLANKS, #101120                                                                           PLAINTIFF

VERSUS                                              CIVIL ACTION NO.  5:12-cv-112-DCB-RHW

WARDEN BYD[1], et al.                                                                        DEFENDANTS

ORDER

Upon consideration of the conditions of confinement complaint [1] filed pursuant to 42 U.S.C. § 1983 by the Plaintiff on August 6, 2012, in the above entitled action and the response [12] filed on September 14, 2012, the Court makes the following findings and conclusions.

A plaintiff is required to (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law to state a claim under § 1983.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Plaintiff, in his response [12], added Charles Stewart as a defendant to this civil action.  Defendant Charles Stewart is also an offender incarcerated by the Mississippi Department of Corrections.  Resp. [12] at p. 1.  In fact, the Plaintiff states that Defendant Stewart was the inmate who stabbed him in the eye.  *Id.*  Having liberally construed the allegations, this Court finds that Defendant Stewart is not a state actor, but is a private citizen.  Consequently, any deprivation the Plaintiff allegedly suffered from Defendant Stewart was not "under color of state law."  Hence, the Plaintiff's claims against Defendant Stewart are not cognizable under 42 U.S.C. § 1983.

---

[1]The Court finds that the Plaintiff refers to Defendant Warden "Biyd" and "Wilkerson" County in his pleadings.  The Court takes notice that the correct spelling of the Warden's name is "Byd," as provided by the Mississippi Department of Corrections website, and the correct spelling is Wilkinson County.  This order refers to these defendants with the correct spelling of each name.

Additionally, the Plaintiff states in his response [12] that he filed the instant civil action against Defendant Byd because he is the Warden of Wilkinson County Correctional Facility and is the supervisor of the prison officials at Wilkinson County Correctional Facility.  There are no allegations that Defendant Byd participated in or was aware, prior to, the incident whereby Plaintiff was stabbed.   Clearly, the Plaintiff has filed this complaint pursuant to 42 U.S.C. § 1983 against Defendant Byd because he was the supervisor of the prison officials who allegedly failed to protect Plaintiff from being stabbed.  As such, Warden Byd cannot be held liable for the actions of subordinate officers or co-employees under a respondeat superior theory of liability.  *See Monell v. Department of Social Services*, 436 U.S. 658 (1978).  Hence, the Plaintiff cannot maintain an action pursuant to 42 U.S.C. § 1983 against Warden Byd.

However, the Plaintiff has stated at this juncture of the proceedings an arguable § 1983 claim against Defendants Supervisor Jones and Officer Clayburn.  Accordingly, it is,

ORDERED AND ADJUDGED:

1. That Defendants Warden Byd and Charles Stewart are dismissed.

2. That a separate order directing summons to issue for the remaining Defendants will be entered.

3. That as provided in 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure, this Court may designate and assign a magistrate judge to hear a prisoner petition challenging the conditions of confinement.  This Court hereby refers this cause to **United States Magistrate Judge Robert H. Walker** for all further proceedings provided for by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure to include conducting hearings and submitting to the district judge assigned to this cause proposed findings of fact and recommendations for the disposition of this cause.

It is the Plaintiff's responsibility to prosecute this case. Failure to advise this Court of a change of address or failure to comply with any order of this Court will be deemed as a purposeful delay and contumacious act by the Plaintiff and may result in the dismissal of this case.

THIS the   3rd   day of October, 2012.

                                       s/David Bramlette
                                       UNITED STATES DISTRICT JUDGE