IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

AMOS BLANKS                                                                                    PLAINTIFF

V.                                                               CASE NO. 5:12-CV-00112-DCB-MTP

WARDEN BIYD, et al.                                                                          DEFENDANTS

# REPORT AND RECOMMENDATION

This matter is before the Court on Warden Biyd's Motion for Summary Judgment [25]. Upon due consideration of the motion, the undersigned recommends that it be denied.

## CASE BACKGROUND

Plaintiff Amos Blanks, proceeding *pro se* and *in forma pauperis*, filed his complaint pursuant to 42 U.S.C. § 1983 in this Court on August 6, 2012. Blanks is a post-conviction inmate at South Mississippi Correctional Institute ("SMCI") in Leakesville, Mississippi. The events giving rise to this lawsuit took place while Blanks was housed at Wilkinson County Correctional Facility ("WCCF"). In his complaint, Blanks asserts that he was attacked and stabbed by other WCCF inmates on or about December 3, 2011. Blanks claims that WCCF Warden Byrd,[1] Supervisor Jones, and Officer Clayburn failed to protect him from the inmates. He also asserts a claim against inmate Charles Stewart for stabbing him in his eye during the altercation.

The Clerk of Court issued summonses as to Officer Clayburn and Supervisor Jones on September 20, 2012. Jones was served on September 21, 2012. Clayburn has not yet been

---

[1]Blanks incorrectly identifies this defendant as "Biyd," however, the correct name is "Byrd." *See* Doc. [25].

1

served.

Process was never issued for Warden Byrd or Charles Stewart. By Order [19] dated October 5, 2012, the Court found that the Plaintiff's claims against Charles Stewart were not cognizable under § 1983 and dismissed Stewart from the lawsuit. The Court also dismissed Warden Byrd, finding that because he was not actively involved in a constitutional deprivation, he could not be held liable for the acts of his subordinates.

Although Byrd was never issued process and was dismissed from the case, he filed an answer to the complaint on January 30, 2013. He then moved for summary judgment on the claims against him. Based on the Court's prior Order [19], Byrd is no longer a defendant in this lawsuit. Therefore, his motion for summary judgment is moot.

## RECOMMENDATION

In light of the foregoing, the undersigned recommends that the Motion for Summary Judgment [25] should be denied as moot.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendation, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of

plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Starns v. Andrews*, 524 F.3d 612, 617 (5th Cir. 2008) (citing *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)).

SO ORDERED, this the 26th day of April, 2013.

**/s/MICHAEL T. PARKER**
UNITED STATES MAGISTRATE JUDGE