IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**AMOS BLANKS**                                                                                           **PLAINTIFF**

**V.**                                                             **CASE NO. 5:12-CV-00112-DCB-MTP**

**WARDEN BIYD, et al.**                                                                         **DEFENDANTS**

**REPORT AND RECOMMENDATIONS**

This matter is before the Court on Defendants Danny Jones and Ethel Claiborne's Motion for Summary Judgment [34]. Having considered the motion, applicable law, and case record, the undersigned recommends that summary judgment be entered in favor of the Defendants and that this case be dismissed without prejudice.

FACTS AND PROCEDURAL BACKGROUND

Plaintiff Amos Blanks, proceeding *pro se* and *in forma pauperis*, filed his complaint pursuant to 42 U.S.C. § 1983 in this Court on August 6, 2012. Mr. Blanks is a post-conviction inmate at South Mississippi Correctional Institute ("SMCI") in Leakesville, Mississippi. The events giving rise to this lawsuit took place while he was housed at Wilkinson County Correctional Facility ("WCCF") in Woodville, Mississippi. In the complaint, Blanks asserts that he was attacked and stabbed by other WCCF inmates on or about December 3, 2011. He claims that the inmates stabbed him in his right eye, and the injury caused him to lose that eye. The Plaintiff asserts that Supervisor Danny Jones and Officer Ethel Clayburn[1] are responsible for his injury because they failed to protect him

---

[1] Plaintiff identifies Defendant Ethel Claiborne as "Officer Clayburn" and Defendant Danny Jones as "Supervisor Jones" in the complaint. *See* Doc. [1]. He also asserted a claim against WCCF Warden Raymond Byrd and inmate Charles Stewart, but the Court dismissed the claims against both of these defendants by Order [19] dated October 5, 2012.

from the inmates.  The Plaintiff acknowledges that he did not file any grievances through the Administrative Remedy Program ("ARP"), and asserts that he failed to do so because of imminent danger.  *See* Compl. [1] at 3 ("my complaint meets a life in [death] matter").

In the instant motion, the Defendants seek summary judgment based on the Plaintiff's failure to exhaust administrative remedies before initiating this lawsuit.  They argue that the Plaintiff cannot offer a valid reason to excuse his failure to exhaust, and therefore summary judgment should be entered in their favor.  In response to the Defendants' motion, the Plaintiff argues that special circumstances justify his failure to exhaust administrative remedies.  Doc. [38] at 2.  He asks that the motion be denied and that his case be allowed to proceed.  The motion has been fully briefed and is ripe for a decision.

LEGAL ANALYSIS

<u>Summary Judgment Standard</u>

Summary judgment should be granted when the evidence shows that there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).  A genuine issue of material fact exists where a jury could reasonably find for the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  When ruling on a motion for summary judgment, the court must construe the facts and evidence in the light most favorable to the nonmoving party. *Ford, Bacon & Davis, LLC v. Travelers Ins. Co.*, 635 F.3d 734, 736 (5th Cir. 2011) (citing *Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir. 2010)).  Once the party seeking summary judgment meets its burden, the nonmoving party must "come forward with specific facts showing a genuine factual issue for trial."  *Harris ex rel. Harris v. Pontotoc Cnty. Sch. Dist.*, 635 F.3d 685, 690

(5th Cir. 2011).  The nonmoving party cannot rely on metaphysical doubt, conclusive allegations, or unsubstantiated assertions but instead must show that there is an actual controversy warranting trial.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

The Exhaustion Requirement

Prisoners seeking relief under § 1983 are required to exhaust the available administrative remedies before filing their complaint in court.  *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Underwood v. Wilson*, 151 F.3d 292, 293 (5th Cir. 1998) (stating that the Prison Litigation Reform Act requires prisoners to exhaust "such administrative remedies as are available").  "Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731 (2001)).  "If a prisoner has not exhausted all available administrative remedies, dismissal is appropriate." *Alexander v. Tippah County, Mississippi*, 351 F.3d 626, 630 (5th Cir. 2003) (citing *Wright v. Hollingsworth*, 260 F.3d 357, 359 (5th Cir. 2001)).

Mr. Blanks was aware of the ARP process at the time he commenced this lawsuit.  He admits that he did not exhaust administrative remedies before filing his complaint.  In his affidavit, however, he states that he was denied access to the ARP system while housed at WCCF and that prison officials moved him to SMCI to prevent him from filing a lawsuit against them.  Doc. [39] at 2.  Based on these reasons, the Plaintiff argues that he should be excused from the exhaustion requirement.

The Fifth Circuit has recognized as an excuse from the exhaustion requirement "circumstances where administrative remedies are inadequate because prison officials have ignored or interfered with a prisoner's pursuit of an administrative remedy." *Johnson v. Ford*, 261 F. App'x 752, 755 (5th Cir. 2008) (citing *Holloway v. Gunnell*, 685 F.2d 150, 154 (5th Cir. 1982)). The failure to exhaust may also be excused where "the prison system [has] deliberately devised procedural requirements designed to trap and defeat claims of unwary prisoners." *Woodford*, 548 U.S. at 102. Exceptions to the exhaustion requirement apply only in "extraordinary circumstances." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994).

Although the Plaintiff claims he was unable to file ARP grievances at WCCF, he does not explain how the Defendants or other prison officials prevented him from doing so. He acknowledges that he was transferred from WCCF to SMCI. According to the Drill Down Detail Report [34-1], the Plaintiff was transferred to SMCI on January 31, 2012. He filed this lawsuit on August 6, 2012, several months after he was transferred from WCCF to SMCI. The Plaintiff does not allege that he was prevented from completing the ARP process at SMCI. *See Lindsey v. Striedel*, 486 F. App'x 449, 452 (5th Cir. 2012) (per curiam) (unpublished) (stating that transfer to separate prison facility does not excuse a failure to exhaust). He only argues that he was denied access to the ARP process at WCCF because he made threats about filing a lawsuit against WCCF employees. *See* Plaintiff's Affidavit [39] at 2. Since he was transferred to another facility where the ARP process was available to him long before filing this case, the Plaintiff's argument that he was unable to use the ARP process at WCCF does not excuse his failure to exhaust administrative remedies. He could have completed the ARP process at SMCI, but he failed to do so.

Further, the extent to which the Plaintiff asserts he did not complete the ARP process due to imminent danger, he again fails to provide a valid excuse for exhausting administrative remedies.  *See Clayborne v. Epps*, No. 2:06-cv-232-KS–MTP, 2008 WL 4056293, at *1 (S.D. Miss. Aug. 25, 2008) (collecting district court cases from the Fifth Circuit rejecting "imminent danger" as an exception to the Prison Litigation Reform Act's exhaustion requirement).  The Plaintiff does not show that prison officials ignored or interfered with his pursuit of the ARP process.  Similarly, he does not show that WCCF or SMCI deliberately devised procedural requirements to trap and defeat his claims.  Therefore, he fails to show that he is excused from the exhaustion requirement.

Because the Plaintiff did not complete or even attempt to use the ARP process regarding the claims asserted in this case, he has failed to exhaust the available administrative remedies as required by 42 U.S.C. § 1997e(a).  *See Johnson v. Cheney*, 313 F. App'x 732, 733 (5th Cir. 2009) (stating that the plaintiff's "failure to pursue his grievance remedy to conclusion constitutes a failure to exhaust his administrative remedies") (citation omitted); *Lane v. Harris Cnty Med. Dept.*, 266 F. App'x 315, 315 (5th Cir. 2008) (affirming dismissal of a prisoner complaint for failure to exhaust administrative remedies based on the prisoner's failure to complete the administrative review process); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001) (dismissing a complaint for failure to exhaust where prisoner only filed a first step grievance but "did not pursue the grievance remedy to conclusion.").  In light of the Plaintiff's failure to exhaust, this case should be dismissed.

RECOMMENDATIONS

Based on the above analysis, the undersigned recommends that the Defendants' Motion for Summary Judgment [34] be granted and that this case be dismissed without prejudice.

NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendation, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Starns v. Andrews*, 524 F.3d 612, 617 (5th Cir. 2008) (citing *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)).

THIS the 30th day of January, 2014.

/s/MICHAEL T. PARKER
UNITED STATES MAGISTRATE JUDGE